COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

JESSIE MEL ALVAREZ,
)
 No. 08-02-00052-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 243rd District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 20010D04408)


MEMORANDUM OPINION


 Jessie Mel Alvarez was charged with possession of more than one but less than four grams
of methamphetamine. The trial court found him guilty and assessed punishment at four years in the
Texas Department of Criminal Justice Institutional Division. In his sole issue on appeal, Appellant
complains of the denial of his motion to suppress evidence. We affirm.

FACTUAL SUMMARY


 As El Paso police officers were driving in the 9000 block of Dyer Street, they observed
Appellant and Jason Johnson exiting a 7-Eleven store at approximately 2:30 a.m. on July 13, 2001. 
The duo entered a van in the parking lot. From previous encounters, the officers recognized Jason
Johnson as a known gang member and a wanted subject. The officers pulled into the parking lot and
parked directly behind the van. Since Johnson had an outstanding warrant, the officers removed him
from the van and placed him in custody. They checked the license plates on the computer database
and learned that the van had an extensive history of involvement in narcotics dealings. 

 The officers then spoke with the owner of the van, Albert Ayala, and obtained his consent
to the search. Ayala and Appellant exited the vehicle while the officers checked for outstanding
warrants. Appellant was behaving strangely and the officers believed he was either intoxicated or
on some type of narcotic because he was swaying back and forth with "his eyes rolling around in his
head." The officers asked him if he needed any medical assistance and Appellant just mumbled a
response. The officers sat him down while they checked his identification and asked if he had any
knives or narcotics in his possession. Appellant voluntarily began removing everything from his
pockets and said that he had the same things in his pockets from the day before. (1) He removed four
Ziploc baggies containing a white clumpy substance, three of which tested positive for
methamphetamine.

MOTION TO SUPPRESS


 In his sole issue on appeal, Appellant argues that the trial court abused its discretion in
denying his motion to suppress. A trial court's ruling on a motion to suppress is generally reviewed
for an abuse of discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996); Gordon
v. State, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.). The reviewing court must give almost
total deference to the trial court's determination of historical facts. Guzman v. State, 955 S.W.2d
85, 89 (Tex.Crim.App. 1997); Gordon, 4 S.W.3d at 35. The trial court's conclusions of law and the
application of those principles to the facts of the case are reviewed de novo. State v. Ross, 32
S.W.3d 853, 856 (Tex.Crim.App. 2000). Because there were no explicit findings of historical facts
by the trial court, the evidence must be viewed in a light most favorable to the trial court's ruling. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000). Moreover, the trial court's ruling
should be upheld if it is correct on any theory of law applicable to the case. Ross, 32 S.W.3d at
855-56.

 Appellant does not contest the reasonableness of the initial stop to arrest Jason Johnson. He
argues that once Johnson was in custody, the purpose of the stop was satisfied and the further
detention of Appellant and Ayala was unreasonable.

 The reasonableness of a temporary detention must be examined in terms of the totality of the
circumstances and will be justified when the detaining officer has specific articulable facts, which
taken together with rational inferences from those facts, lead him to conclude that the person
detained actually is, has been, or soon will be engaged in criminal activity. Woods v. State, 956
S.W.2d 33, 38-39 (Tex.Crim.App. 1997). The reasonableness of the detention is measured by
balancing the nature of the intrusion into an individual's Fourth Amendment interests against the
public interest or legitimate government interest at stake. Gordon, 4 S.W.3d at 37. When a
detention is based upon conduct by the suspect, the conduct need not itself be unlawful or in some
sense inconsistent with innocence. Woods, 956 S.W.2d at 38, citing U.S. v. Sokolow, 490 U.S. 1,
10, 109 S.Ct. 1581, 1587, 104 L.Ed.2d 1 (1989). The Supreme Court has determined that police
officers may stop and briefly detain persons reasonably suspected of criminal activity even if
probable cause to arrest is not then present. Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20
L.Ed.2d 889 (1968); Rhodes v. State, 945 S.W.2d 115, 117 (Tex.Crim.App. 1997). Passengers in
an automobile may be subjected to temporary investigative detentions in the same manner as
pedestrians. Gearing v. State, 685 S.W.2d 326, 328 (Tex.Crim.App. 1985)(opinion on reh'g.); 
Rhodes, 945 S.W.2d at 117; see also, Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d
612 (1972). Police officers may even ask passengers to exit a vehicle after the officers have stopped
the car in order to protect the officers. Ruvalcaba v. City of Los Angeles, 64 F.3d 1323 (9th Cir.
1995); Rhodes, 945 S.W.2d at 117. Asking the passengers to exit the vehicle is a minimal intrusion
which is justified by the officers' reasonable concern for their safety. Id. It is not unreasonable for
an officer to temporarily detain an individual during a stop, to demand identification, and to check
for outstanding warrants. Davis v. State, 947 S.W.2d 240, 245 n.6 (Tex.Crim.App. 1997). 
Consequently, requiring Appellant to step out of the car so that the officer could safely conduct a
search was reasonable.

 Appellant complied with the officers' request to exit the van and as he did so, the officers
noticed that he appeared to be intoxicated or on some type of narcotics. They directed him to sit
down for his own safety and when asked if he had any knives or narcotics in his possession,
Appellant voluntarily began emptying his pockets. Because the officers were only detaining him
while they searched the vehicle, we find no error in the denial of the motion to suppress. The sole
issue is overruled and the judgment of the trial court is affirmed.



February 27, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)
1. A day or two before, Appellant had been detained at a nearby Albertson's for shoplifting . He was not
arrested, but was issued a citation for misdemeanor theft.